IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS ALBERTO RIVERA CRESPO,

Plaintiff,

v.

JESUS GONZALEZ-CRUZ, ROBERTO
CANO-RODRIGUEZ AND ANGEL
BURGOS-LOPEZ,

Defendants.

CIVIL NO. 13-1004 (CVR)

## OPINION AND ORDER

### INTRODUCTION

On January 3, 2013, plaintiff Luis A. Rivera-Crespo ("Rivera-Crespo") filed a pro-se complaint under Title 42, United States Code, Section 1983 against co-defendants Jesús González-Cruz ("González-Cruz"), Angel Burgos-López ("Burgos-López") and Roberto Cano-Rodríguez.[1] (Docket No. 2). Rivera- Crespo moves the Court to order Defendants to buy two (2) new buses for handicapped prisoners. In addition, he requests an illegible amount of money as a remedy for the alleged lack of transportation to his medical appointments. (Docket No. 4).

On February 11, 2015, co-defendants González-Cruz and Burgos-López filed a "Motion to Dismiss pursuant to Fed.R. Civ. P. 12(b)(6)" requesting from this Court to dismiss the instant action for the following reasons: 1) Plaintiff's claims are unintelligible; 2) Plaintiff has failed to state a claim upon which relief can be granted under Section 1983; 3) Plaintiff's claim for monetary damages is barred by the Eleventh Amendment immunity; and 4) the Co-Defendants are entitled to qualified immunity.  (Docket No. 17).

---

[1] The US Marshals Service returned the summons of Defendant Roberto Cano-Rodríguez as un-executed because he no longer works for the Puerto Rico Corrections Department.  (Docket No. 9).

A review of the docket shows that Plaintiff has failed to timely file any response to the Motion to Dismiss. As such, it is deemed unopposed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007), however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'")(quoting Twombly, 550 U.S. at 555). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see e.g. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare

recitals of the elements of a cause of action.  Iqbal, 129 S.Ct. at 1940. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions, that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. Id.

When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." See McCoy v. Massachusetts Inst. of Tech., 950 F.2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id., at 23. Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable theory." See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A complaint is properly dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery." See Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007).

Since Plaintiff is pro-se, this Honorable Court must construe his pleadings more favorably than it would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). "The policy behind affording pro-se plaintiffs liberal

interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); *see also* Castro v. United States, 540 U.S. 375, 381, 124 S.Ct. 786 (2003) (noting that courts may construe pro-se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). However, Plaintiff's pro-se status does not insulate him from the strictures of procedural and substantive law. Ahmed, 118 F.3d at 890. "Nonetheless, the Court is not the plaintiff's advocate and [should not] conjure up implied allegations,' McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979), in order to establish jurisdiction or to state an actionable claim." Brown v. Dep't of Veterans Affairs, 451 F.Supp. 2d 273, 277 (D.Mass. 2006).

## ANALYSIS

**A.    Plaintiff's Complaint is Unintelligible.**

As properly argued by the Co-Defendants in their Motion to Dismiss, the instant Complaint is for all practical purposes, unintelligible. Plaintiff's allegations are presented in a confusing, illegible and unintelligible manner. The court not only is under no obligation to interpret such a petition but is not in a position, from its face, to evaluate whether Plaintiff has suffered any deprivations of his constitutional rights. No factual statements could be found to sustain the same. This pleading reflects a clear violation of Rule 8(a) of the Fed. R. of Civ. P. *See* Cintrón-Luna v. Román-Bultrón, 668 F. Supp. 2d 315, 318 (D.P.R. 2009); *see also* Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993).

The Court notes that Plaintiff's Complaint is in Spanish.  Plaintiff is required to file all of his submissions in English. *See* Local Rule 5(g); *see also* 48 U.S.C. Section 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); Puerto Ricans for Puerto Rico v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008) (holding that "allowing the outcome of a case to turn on a non-English language document would be 'at odds with the premise of a unified and integrated federal court system' and effectively excludes the public from access to court decision.").

Plaintiff has been previously advised by this Court on multiple occasions in other cases that all his filings have to be in English.  In fact, Plaintiff Rivera-Crespo has filed multiple other actions in this Court. All the Complaints are equally unintelligible and several of them have been dismissed as illegible or for failure to file a Complaint and other documents in the English language. *See* Civil Nos. 09-1684 (DRD); 09-1547(CCC); 10-1236 (ADC), 10-1673 (FAB); 10-1648 (SEC); and 10-1085 (FAB).

Thus, Plaintiff has been previously admonished by this Court that he should file legible documents in the English language and he insists on filing illegible documents in Spanish as he did in this case.  If the prior warnings in other cases have not been enough, Defendants raised this failure in their Motion to Dismiss, thus, giving notice to Plaintiff. However, Plaintiff has elected not to respond to the Motion to Dismiss nor file a legible copy of his Complaint nor a translation into English.

The above are enough grounds for the dismissal of Plaintiff's Complaint.  However, in an abundance of caution and to Plaintiff's benefit, his claims are reviewed below on the merits and based on the portions of the Complaint which are legible.

**B.     Plaintiff has Failed to State a Claim upon which Relief can be Granted under 42 U.S.C. Section 1983.**

The appearing Co-Defendants claim that Plaintiff's claim for monetary damages against them should be dismissed for failing to state a claim under which relief can be granted.

The substantive cause of action to claim damages and declaratory relief against individuals and governmental bodies who deprive a plaintiff of rights, privileges or immunities "secured by the Constitution and laws" arises from Section 1983. This disposition "provides a remedy for deprivation of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State [...].'" Lugar v. Edmondson Oil Co., Inc,. 457 U.S. 922, 924, 102 S.Ct. 2744 (1982) (*quoting* 42 U.S.C. § 1983).

Since 42 U.S.C. Section 1983 is the appropriate vehicle to bring claims for violations of constitutional rights, it is well-settled that in order for a claim to be cognizable under section 1983, a plaintiff must plead and prove three elements. The first element that must be proven is, that the defendants acted under color of state law. *See*, Gómez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980); Gutiérrez Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). As a second element, a plaintiff must show that the defendants' conduct deprived him/her of federally protected rights, privileges or immunities. Id. This second

<u>Luis Alberto Rivera Crespo v. Jesús González-Cruz, et al</u>
Civil No. 13-1004 (CVR)
Opinion and Order
Page 7

---

prong requires in fact a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See*, <u>Votour v. Vitale</u>, 761 F.2d 812,819 (1st Cir. 1985). The third element that a plaintiff must prove is, that the defendants' alleged conduct was causally connected to the plaintiff's deprivation. Therefore, plaintiffs must show that the defendant was personally and directly involved in causing the violation of plaintiff's federally protected rights. *See*, <u>Gutiérrez-Rodríguez</u>, 882 F.2d at 558. That conduct by the defendant may consist of direct acts or certain acts performed at the defendants' knowledge and consent. *See*, <u>Votour</u>, 761 F.2d at 819; <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976). The defendants' conduct or inaction must have been intentional, <u>Simmons v. Dickhaut</u>, 804 F.2d 182, 185 (1st Cir. 1986), grossly negligent or must have amounted to a reckless or callous indifference to the constitutional rights of others.  <u>Gutiérrez-Rodríguez</u>, 882 F.2d at 558.

By its own terms, the requirements for establishing a constitutional claim under 42 U.S.C. Section 1983 are clear. The statute does not create substantive rights. Instead, it only provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws. The threshold issue presented by any Section 1983 case is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. *See*, <u>Baker v. McCollan</u>, 443 U.S. 137, 99 S.Ct. 2689 (1979). In Section 1983 claims, the complaint shall set forth minimal facts, "not conclusions or subjective characterizations, as to who did what to whom and why." <u>Dewey v. Univ. of New Hampshire</u>, 694 F. 2d 1, 3 (1st Cir. 1982).

In the case at bar, Plaintiff claims that Section 1983 provides a cause of action under the federal Constitution because he has not been taken to his medical appointments. Thus, Petitioner requests monetary damages and the purchase of new buses for the handicapped.

A review of Plaintiff's Complaint shows it is devoid of any allegations as to the personal involvement of the appearing Defendants in the alleged deprivation of Plaintiff's constitutional rights. By the same token, Plaintiff Rivera-Crespo has failed to show that Defendants conduct was causally connected to his alleged deprivation. Plaintiff's allegations are directed against the Administration of Correction and Rehabilitation, and not the appearing Defendants. (Docket No. 2, p. 7, item 5).

Pursuant to the above, Plaintiff's allegations fail to state a claim for which relief can be granted under Section 1983. As such, Plaintiff's Complaint must be dismissed with prejudice.

**C.     Plaintiff's Claim For Monetary Damages Is Barred By The Eleventh Amendment Immunity**

Co-defendants González-Cruz and Burgos-López move the Court to dismiss Plaintiff's claim for monetary damages against them for the Commonwealth of Puerto Rico is entitled to Eleventh Amendment immunity.

The Eleventh Amendment of the U.S. Constitution "renders states, including Puerto Rico, immune from claims brought in federal court by citizens of the same state or any other state." Bernier-Aponte v. Izquierdo-Encarnación, 196 F. Supp. 2d 93, 98 (D.P.R. 2002); Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006). The Supreme Court has held that "the U.S. Constitution does not provide for federal jurisdiction over suits against

nonconsentig states." Seminole Tribe of Florida. v. Florida, 517 U.S. 44, 116 S.Ct. 1114 (1996). Puerto Rico has consistently been treated as if it were a state for Eleventh Amendment purposes. *See*, De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991).

Because the Commonwealth of Puerto Rico is treated as a state for purposes of the Eleventh Amendment immunity analysis, in order for it to be sued for damages in a federal court, the Commonwealth has to consent to the suit or waive its immunity or the Congress has to abrogate said immunity. Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Authority, 991 F. 2d 935 (1st Cir. 1993). "[T]he Eleventh Amendment bars federal court lawsuits by private parties insofar as they attempt to impose liabilities necessarily payable from public coffers, unless the state has consented to suit or unless the protective cloak of the amendment has been doffed by waiver or stripped away by congressional fiat." Ramírez v. Puerto Rico Fire Servs., 715 F. 2d 694, 697 (1st Cir. 1983).

Due to the sovereign immunity doctrine, the government enjoys broad protection in suits against the state. Muirhead v. Mecham, 427 F.3d 14, 18 (1st Cir. 2005). But the Eleventh Amendment not only protects the State itself, but rather extends to the state's instrumentalities, which are the arms or the alter egos of the State. Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of Puerto Rico, 818 F. 2d 1034, 1036 (1st Cir. 1987); Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568 (1977). This holding is based on the fact that a State only exits through its instrumentalities, which carry out its function and establish public policy. Therefore suits against governmental

instrumentalities are in fact considered suits against the State. Mount Healthy, 429 U.S at 280.

Similarly, suits filed against state officials in their official capacities are also deemed actions against the state, regardless if the state is a named party to the suit, since the real party in interest is the State and not the official. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358 (1991); Will v Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989). Even when state officials act under color of state law pursuant to Section 1983, the Eleventh Amendment bars monetary claims against them in their official capacity. Id. at 98-99; see also Kotska v. Hogg, 560 F.2d 37 (1st Cir. 1977). See also, Celta Const. v. U.S. Dep't of Housing and Urban Dev, 337 F. Supp. 2d 396-401 (D.P.R. 2004).

The Eleventh Amendment's primary concern is to minimize federal courts' involvement in disbursal of the state fisc. Behind the adoption of the Eleventh Amendment there was a desire to protect state treasuries. "It follows that when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Metcalf, 991 F.2d at 939 (citing Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347 (1945)).

The Department of Corrections and its employees in their official capacities function as an arm of the Commonwealth protected by Eleventh Amendment and thus it is cloaked in its Eleventh Amendment immunity. Padilla Cintrón v. Rosselló González, 247 F.Supp.2d 48, 57 (D.P.R 2003); Jusino Mercado v. Com. of Puerto Rico, 101 F.Supp. 2d 57 (D.P.R. 1999).

<u>Luis Alberto Rivera Crespo v. Jesús González-Cruz, et al</u>
Civil No. 13-1004 (CVR)
Opinion and Order
Page 11

Co-defendants González-Cruz and Burgos-López, in their official capacities, are employees of the Corrections Department of the Commonwealth of Puerto Rico. As such, Defendants González-Cruz and Burgos-López in their official capacities function as arms of the Commonwealth of Puerto Rico and any judgment against these Co-Defendants in their official capacity would effectively be a judgment against the Commonwealth of Puerto Rico. <u>Martínez Machicote v. Ramos Rodríguez</u>, 553 F.Supp. 2d 45 (D.P.R. 2007). The Court therefore finds that Co-Defendants González-Cruz and Burgos-López are protected by the Eleventh Amendment.  As such, Plaintiff Rivera-Crespo's claims against these Co-Defendants in their official capacity are barred.[2]

Plaintiff clearly requests the Court to order the Administration of Correction and Rehabilitation to pay him an illegible amount for damages, as he claims that it is the Administration of Correction the liable party for the alleged violation of his constitutional rights. (Docket No. 2, p. 8, item V). Plaintiff's claim for monetary damages would require an expenditure from the public treasury and a direct payment of monies from the public treasury. That is precisely the kind of claim undoubtedly prohibited by the Eleventh Amendment.

---

[2] The Department of Corrections of the Commonwealth of Puerto Rico was not included as a defendant in this case. In any event, any claims against the Department of Corrections would be subject to dismissal under Eleventh Amendment immunity grounds.

Luis Alberto Rivera Crespo v. Jesús González-Cruz, et al
Civil No. 13-1004 (CVR)
Opinion and Order
Page 12

---

In sum, Plaintiff Rivera-Crespo's claims against Co-Defendants González-Cruz and Burgos-López, in their official capacity, are barred and, therefore, shall be dismissed with prejudice.[3]

## CONCLUSION

In view of the foregoing, Defendants' Motion to Dismiss (Docket No. 17) is GRANTED. Consequently, Plaintiff's Complaint and all of its claims are DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of March 2015.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[3] There is no need to discuss qualified immunity as raised by the Co-Defendants in light of the Court's ruling.